IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eng Phomphackdi, | ) | C/A No. 0:10-2633-DCN-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| Willie L. Eagleton, *Warden*; Richard C. Bearder, Jr., *Physician*; F. Hyatt, *MD*; J. Valpey, *MD*; M. Benior, MD; Ms. Redfean Miller, in their official and individual capacities, | ) | **ORDER** |
| Defendants. | ) | |

Plaintiff Eng Phomphackdi, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motions for appointment of counsel and an interpreter. (ECF Nos. 17 & 37.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the

PJG

plaintiff be denied due process if an attorney were not appointed. Id. Accordingly, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.

Plaintiff's request for an interpreter must also be denied. Plaintiff does not identify the source of any funds to pay for an interpreter. To the extent he requests that interpreter services be provided at public expense, such a request must be denied. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). Accordingly, Plaintiff's request for an interpreter is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2011
Columbia, South Carolina